Plymouth Township, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Department of Transportation and James B. Wilson, Secretary of the Department of Transportation, Respondents,

Argued June 8, 1978, before Judges Wilkinson, Jr., Mencer and Rogers, sitting as a panel of three.

572

*Harris F. Goldrich*, with him *Arthur Lefkoe*, and, of counsel, *Wisler, Pearlstine, Talone, Craig and Garrity*, for petitioners.

*John M. Hrubovcak*, Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for respondents.

OPINION BY JUDGE MENCER, September 14, 1978:

Plymouth Township has filed in this Court a petition for review, seeking to enjoin the Pennsylvania Department of Transportation (PennDOT) and James B. Wilson, Secretary of PennDOT, from opening a section of the Mid-County Expressway (I-476) extending from the Schuylkill Expressway in West Conshohocken to Ridge Pike in Plymouth Township. PennDOT has filed preliminary objections, contending, *inter alia*, that the petition for review fails to allege facts which would entitle the Township to the requested relief. We agree and sustain the preliminary objections.

The Township appears to admit—as indeed no one could, under existing case law, seriously challenge—that the decision as to where and when to build a highway rests in the sound discretion of PennDOT. *See, e.g., Snelling v. Department of Transportation*, 27 Pa. Commonwealth Ct. 276, 286-87, 366 A.2d 1298,

1304 (1976); *Borough of White Oak v. Department of Transportation*, 25 Pa. Commonwealth Ct. 432, 360 A.2d 825 (1976).

> By a host of authorities in our own and other jurisdictions it has been established as an elementary principle of law that courts will not review the actions of governmental bodies or administrative tribunals involving acts of discretion, in the absence of bad faith, fraud, capricious action or abuse of power; they will not inquire into the wisdom of such actions or into the details of the manner adopted to carry them into execution. It is true that the mere possession of discretionary power by an administrative body does not make it wholly immune from judicial review, but the scope of that review is limited to the determination of whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties or functions. That the court might have a different opinion or judgment in regard to the action of the agency is not a sufficient ground for interference; *judicial* discretion may not be substituted for *administrative* discretion. (Footnotes omitted, emphasis in original.)

*Blumenschein v. Pittsburgh Housing Authority*, 379 Pa. 566, 572-73, 109 A.2d 331, 334-35 (1954).

It is presumed that the acts of public officials and agencies are within the limits of their discretion. *Snelling, supra.*

In *Snelling*, we held that allegations of increased traffic, increased probability of accidents, and increased air pollution were insufficient to withstand PennDOT's preliminary objections. The same is true here. The complaint alleges that the opening of the Ridge Pike interchange will result in "extensive" traf-

574

fic problems for the Township and its residents. In deciding where and when to open a highway, however, PennDOT must consider the interests of the Commonwealth as a whole. In short, proof that a decision will have an adverse effect within a particular region of the Commonwealth would be insufficient to rebut the presumption that PennDOT has acted within the limits of its discretion. *See Snelling, supra; Borough of White Oak, supra.*

The petition for review in this case alleges no more than that the Township will be adversely affected by PennDOT's decision and the preliminary objections must therefore be sustained.

### ORDER

AND Now, this 14th day of September, 1978, the preliminary objections of the Pennsylvania Department of Transportation and James B. Wilson, Secretary of the Department of Transportation, are hereby sustained, and the petition for review is hereby dismissed.