South Whitehall Township, Plaintiff, *v.* Commonwealth of Pennsylvania, Department of Transportation, Defendant.

Argued December 5, 1973, before Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt. President Judge Bowman did not participate.

*Thomas F. Traud, Jr.,* with him *Richard W. Shaffer,* and *Butz, Hudders & Tallman,* for plaintiff.

*Stuart J. Moskovitz,* Assistant Attorney General, with him *Edward R. Casey, Jr.,* Assistant Attorney General, *Edward A. Hosey,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for defendant.

560

OPINION BY JUDGE MENCER, January 25, 1974:

On June 18, 1973, South Whitehall Township, a first-class township situate in Lehigh County, filed a complaint in mandamus seeking to compel the Department of Transportation of the Commonwealth of Pennsylvania (Commonwealth) to construct a local service highway to provide a westward entranceway from United States Route 309 (Route 309) to Crackersport Road. Crackersport Road is a township road and extends east and west across Route 309. The Commonwealth, in conjunction with the Federal Government, has undertaken a project designed to improve the intersection of Route 309 and United States Route 22 (intersection project). This intersection project necessitated the closing of Crackersport Road where it intersected with Route 309.

On that portion of Crackersport Road east of Route 309, the Commonwealth constructed a local service highway to provide direct access to Route 309 from the eastern portion of Crackersport Road. It was the failure of the Commonwealth to construct a similar local service highway on the west side of Route 309 to provide direct access to Crackersport Road which kindled this litigation. Vehicles traveling on that portion of Crackersport Road west of Route 309 can obtain access to Route 309 by Upper Hausman Road, although allegedly this road was not constructed to accommodate the volume of traffic which it will now experience during the period of the completion of the intersection project. Also, vehicles can travel west from Route 309 to Crackersport Road by Upper Hausman Road.

The Commonwealth filed preliminary objections in the nature of a demurrer to the complaint in mandamus. Since we conclude that the relief requested here is not obtainable in mandamus, we sustain the preliminary objections.

In ruling on the demurrer, we accept as true all the well-pleaded, material and relevant facts in the complaint, but not the pleader's conclusions or averments of law. *McIlvaine v. State Police,* 3 Pa. Commonwealth Ct. 478 (1971). We are mindful that mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. *Philadelphia Presbytery Homes, Inc. v. Abington Board of Commissioners,* 440 Pa. 299, 269 A. 2d 871 (1970). Mandamus does not lie to compel the performance of discretionary acts except where the exercise or nonexercise of discretion is arbitrary, fraudulent, or based on a mistaken view of the law. *Valley Forge Racing Association, Inc. v. State Horse Racing Commission,* 449 Pa. 292, 297 A. 2d 823 (1972).

Measured against these guidelines, the relief requested by plaintiff is not cognizable in mandamus. A reading of the Act of May 29, 1945, P. L. 1108, 36 P.S. §§2391.1-2391.15 (Act), relative to limited access highways, reveals that the Commonwealth's authority to close and relocate intersecting highways is a matter within the discretion of the Commonwealth. Section 4 of the Act, 36 P.S. §2391.4, reads as follows: "In the establishment or construction of limited access highways, the authorities responsible therefor shall have the power to eliminate intersections at grade with other highways by the construction of grade separation structures, by the closing of such intersecting highways at the right of way lines of the limited access highway, or by relocating such intersecting highways as in their discretion will best serve the public interest."

Section 3 of the Act, 36 P.S. §2391.3 in pertinent part provides that "[t]he Secretary of Highways [Transportation], with the approval of the Governor

. . . may lay out or construct local service highways." The plaintiff, in paragraph 8 of its complaint,[1] acknowledges the existence of this discretion in the Secretary of Transportation. Therefore, unless the exercise or nonexercise of discretion is arbitrary, fraudulent, or based on a mistaken view of the law, mandamus is not available to plaintiff.

Although plaintiff does aver that the defendant's "nonexercise of discretion in regard to the western portion [of Crackersport Road] is arbitrary, fraudulent and based upon a mistaken view of the law," these averments are plaintiff's conclusions. Our assessment of the material and relevant facts pleaded in the complaint satisfies us that they do not support the conclusions advanced by the plaintiff. We deem the fact that the plaintiff expended $72,456.94 in resurfacing and widening a portion of Crackersport Road in 1968 and 1969 not to be relevant here. Likewise, the test is not, in the words of the complaint, that "refusing to construct a local service highway connected to the western portion of Crackersport Road is unreasonable." The refusal to construct a local service highway on the west side of Route 309 and the decision to use Upper Hausman Road as the connecting link with Crackersport Road, in conjunction with the decision to construct a local service highway on the east side of Route 309, was the exercise, rather than nonexercise, of discretion. Mandamus will not lie to compel a revision or modification of a decision by an administrative body or person invested with discretionary power, though in fact the decision may have been wrong. *Raffel v. Pittsburgh*, 340 Pa. 243, 16 A. 2d 392 (1940).

---

[1] Paragraph 8 of plaintiff's complaint in mandamus reads:
"8. Section 3 of the Act of May 29, 1945, P. L. 1108, §3, 36 P.S. §2391.3, invests the 'Secretary of Highways' (now the Department of Transportation), with the discretion to lay out or construct local service highways in connection with the designation or construction of a limited access highway."

We conclude that the plaintiff has failed to establish its clear legal right to the relief it seeks and that it has not pleaded material and relevant facts sufficient to support the conclusion that the defendant's exercise of discretion under the facts of this case was arbitrarily or fraudulently or illegally made.

### ORDER

AND Now, this 25th day of January, 1974, the preliminary objections in the nature of a demurrer of the Department of Transportation, Commonwealth of Pennsylvania, are hereby sustained and South Whitehall Township's complaint in mandamus is dismissed.