## Borough of White Oak, Plaintiff *v.* Commonwealth of Pennsylvania, Department of Transportation, Defendant.

Argued June 7, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer and Blatt. Judges Kramer and Rogers did not participate.

*Edward J. Osterman,* with him *Evan E. Lloyd,* and *Eddy, Osterman & Lloyd,* for plaintiff.

*Stuart J. Moskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant.

OPINION BY JUDGE WILKINSON, July 9, 1976:

This action in mandamus is brought by the plaintiff in an endeavor to compel the defendant to complete the construction of an expressway or to divest itself of the land it has acquired for that purpose. Defendant has filed preliminary objections raising the following 3 questions as framed in its brief:

"1. Does mandamus lie to compel a government agency given discretionary powers to exercise those powers in a specific manner?

"2. Does Article I, Section 11 of the Constitution of the Commonwealth of Pennsylvania preclude an award against the Commonwealth for damages or to compel an affirmative action?

"3. Does a political subdivision have standing to assert any alleged rights against its mother state, absent a specific statutory allowance?"

Since we will dispose of the case by sustaining the first of the preliminary objections, it will not be necessary to deal at length with the second or third. Suffice it to say as to the second preliminary objection, it seems quite clear that the immunity from suit of

the Commonwealth for money damages under these circumstances certainly bars the money damage claim in the complaint. *Philadelphia Life Insurance Company v. Commonwealth*, 410 Pa. 571, 190 A.2d 111 (1963). The third preliminary objection seems equally well taken, but could readily be cured and the action would be before us with proper parties.

The plaintiff admits, as indeed no one could seriously challenge, that section 2002 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §512, gives the Department of Transportation the discretionary power as to where and when to build a highway. Here the complaint alleges that prior to 1968 the defendant developed plans for an expressway passing through plaintiff Borough. In July of 1968 property acquisitions for right of way were begun and continued through 1971, expending some $5,950,000. The demolitions of the structures on the acquired properties were completed in 1972. The acquisitions have resulted in the removal of a substantial tax base and the demolition, it is alleged, has resulted in the "center of the Borough [being] turned into a barren and unsightly wasteland." The complaint alleges that repeated requests for an explanation of why nothing further has been done have not resulted in an answer to plaintiff's satisfaction. It is further alleged that it now appears nothing will be done until at least 1984. Since this matter is before us on preliminary objections, we must assume these allegations are correct.

Unfortunate as this situation may be, and certainly for the plaintiff it must be almost intolerable, nevertheless, absent fraud, and none has been alleged, it is within the discretionary power of the defendant to proceed in accordance with its honest, best judgment. The location, design, and construction of a highway, especially a parallel, limited access express-

way, is an exceedingly complicated and expensive operation. It is tempting to observe that even giving due weight to this fact, nevertheless, plaintiff's request for action or explanation seems reasonable. However, what may be a satisfactory explanation to the defendant is or might be characterized as a flimsy, makeweight excuse by the plaintiff. The explanation to individuals awaiting execution on death row that, while capital punishment may work an injustice in individual cases, it is necessary for society's welfare, is never well received by the condemned. In addition, we are constrained to observe that surely the defendant is taking or will take such steps as the sound exercise of discretion permits to correct this situation.

The preliminary objections of the defendant are sustained and the plaintiff's complaint dismissed.