Diane McDevitt, Administratrix of the Estate of Joseph J. McDevitt, a/k/a Joseph McDevitt, Deceased, Plaintiff *v.* A. Golin, et al., Defendants.

410

Argued February 2, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*George T. Guarnieri,* for plaintiff.

*Steven D. Johnson,* with him *G. Wayne Renneisen,* for defendant, Golin.

*James D. Wilder,* for defendant, Philadelphia Port Corporation.

*Richard S. Herskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendants, Navigation Commission and Department of Transportation.

*Joseph H. Foster,* with him *Thomas R. Cunningham,* and, of counsel, *White and Williams,* for defendant, Delaware River Port Authority.

OPINION BY JUDGE MENCER, May 23, 1978:

Diane McDevitt (plaintiff) has brought this action as administratrix of her husband's estate, alleging the liability of various parties for the death of her husband on or about January 13 or January 14, 1976. It is alleged that the decedent's car struck an unattended truck at night and that he was either thrown into the Delaware River by the collision or fell into the river

while trying to free his vehicle or seek assistance. Preliminary objections to the complaint in this case brought as an original jurisdiction action in this Court[1] were filed by A. Golin, alleged owner of the truck, The Philadelphia Port Corporation, Navigation Commission for the Delaware River and its Navigable Tributaries (Commission), Department of Transportation of the Commonwealth of Pennsylvania (PennDOT), and Delaware River Port Authority (Authority). Since the parties upon which our original jurisdiction is based are immune from liability, we transfer the balance of this action to the Court of Common Pleas of Philadelphia County.

By way of preliminary objections "in the nature of a petition raising a question of jurisdiction,"[2] PennDOT has asserted that Article I, Section 11 of the Constitution of Pennsylvania prohibits such an action against the Commonwealth without its consent. At this writing, it is clear that the prevailing case law in this Commonwealth supports PennDOT's entitlement to the cloak of sovereign immunity. *See Sweigard v. Department of Transportation*, 454 Pa. 32, 309 A.2d 374 (1973); *Iudicello v. Department of Transportation*, Pa. Commonwealth Ct. , 383 A.2d 1294 (1978); *Tokar v. Department of Transportation,*

---

[1] *See* Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.401 (a)(1).

[2] Immunity from suit is an affirmative defense which should be pleaded under new matter. Pa. R.C.P. Nos. 1030, 1045. However, where, as here, the plaintiff did not object to the use of preliminary objections in his answer or in any other pleading, we will address the immunity question. *See Freach v. Commonwealth*, 471 Pa. 558, 370 A.2d 1163 (1977); *Walter v. Commonwealth*, 30 Pa. Commonwealth Ct. 248, 373 A.2d 771 (1977).

29 Pa. Commonwealth Ct. 383, 371 A.2d 537 (1977). tions.[3] At the time in question, the Commission was a departmental administrative commission in the De- Therefore, we will sustain PennDOT's preliminary objections.

The Commission filed similar preliminary objec- partment of Transportation. Section 202 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended by* Section 4 of the Act of December 3, 1970, P.L. 834, 71 P.S. §62.[4] We have previously held that other departmental administrative commissions are included under the umbrella of protection of the Commonwealth's sovereign immunity. *See, e.g., Hart v. Spectrum, Arena, Inc.,* 15 Pa. Commonwealth Ct. 584, 329 A.2d 311 (1974) (State Athletic Commission). Since the Commission is entitled to the same immunity as PennDOT, we will also sustain its preliminary objections.

The Authority filed preliminary objections in the nature of a demurrer asserting, in part, the defense

---

[3] The plaintiff also did not object to the Commission's use of preliminary objections to raise an immunity defense. *See* note 2, *supra.*

[4] Later in 1976 the Commission became part of the Department of Commerce. Act of July 9, 1976, P.L. 980, §1. For a description of the Commission and the scope of its authority, *see* Sections 475 and 2504-B of The Administrative Code of 1929, 71 P.S. §§180-5, 670.2; Act of June 8, 1907, P.L. 496, *as amended,* 55 P.S. §1 et seq.

[5] In her answer to these preliminary objections, the plaintiff objected to the raising of immunity by way of preliminary objections. Thus, the situation here is somewhat different from that with respect to the preliminary objections of PennDOT and the Commission, where no objection was pleaded by the plaintiff. However, we have recently held that the presence of such an objection will not dissuade us from resolving the issue where the presence of the immunity defense is clear from the face of the complaint. *Iudicello, supra.* The interests of judicial economy, therefore, compel us

of sovereign immunity.[5] In *Anderson Appeal,* 408
Pa. 179 182 A.2d 514 (1962), the Supreme Court spe-
cifically held that the Authority, which was created
by a compact between the Commonwealth and the
State of New Jersey,[6] was entitled to this immunity.
The Superior Court has reaffirmed this view in re-
cent years. *See Yancoskie v. Delaware River Port
Authority,* 235 Pa. Superior Ct. 263, 340 A.2d 533
(1975) (allocatur granted, argued April 22, 1977) ;
*Enoch v. Food Fair Stores, Inc.,* 232 Pa. Superior Ct.
1, 331 A.2d 912 (1974). Moreover, our decision in
*Kennedy v. Delaware River Joint Toll Bridge Com-
mission,* 23 Pa. Commonwealth Ct. 662, 354 A.2d 52
(1976), relied on *Anderson* in finding that the defend-
ant there was entitled to the immunity of the sov-
ereign. Since we agree that these cases and the rea-
soning behind them reflect the current state of the
law, we will sustain the Authority's demurrer based
upon this immunity.

Since we sustain preliminary objections of Penn-
DOT, the Commission, and the Authority, and as we
have no independent original jurisdiction over A.
Golin, the City of Philadelphia, or The Philadelphia
Port Corporation, we must transfer these proceedings
to the Court of Common Pleas of Philadelphia Coun-
ty. *See* Section 503(b) of the Appellate Court Juris-
diction Act of 1970, 17 P.S. §211.503(b) ; *Lerro v. De-
partment of Transportation,* 32 Pa. Commonwealth
Ct. 372, 379 A.2d 652 (1977). In light of this, we do
not rule on the preliminary objections of A. Golin or
The Philadelphia Port Corporation.

---

to reach the merits of the Authority's preliminary objections. *See
Commonwealth ex rel. Milk Marketing Board v. Sunnybrook Dairies,
Inc.,* 32 Pa. Commonwealth Ct. 313, 379 A.2d 330 (1977).

[6] For a description of the Authority, its powers and duties,
*see* Act of August 10, 1951, P.L. 1206, *as amended,* 36 P.S. §3503.

## Order

And Now, this 23rd day of May, 1978, the preliminary objections of the Department of Transportation, the Navigation Commission for the Delaware River and its Navigable Tributaries, and the Delaware River Port Authority are sustained, and the plaintiff's complaint as to them is dismissed.

With respect to defendants A. Golin, the City of Philadelphia, and The Philadelphia Port Corporation, the case is transferred to the Court of Common Pleas of Philadelphia County for disposition of the outstanding preliminary objections and for all further proceedings. The Chief Clerk shall transmit the record of the above proceedings in its entirety to the Prothonotary of said court, together with a copy of this order.

In re: Condemnation by the Redevelopment Authority of the City of Harrisburg of certain parcels of real estate in various Wards of said City in connection with the Cameron-South Harrisburg Flood Project, Project Pa. R-608(c). Carole R. Brown and Donald L. Brown v. Redevelopment Authority of the City of Harrisburg, Appellant.

416

Argued February 2, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*David A. Wion,* with him *Reynolds, Bihl and Schaffner,* for appellant.

*Joseph A. Klein,* for appellees.

OPINION BY JUDGE MENCER, May 22, 1978:

This appeal has been taken by the condemnor from the denial of a motion for a new trial by the Court of Common Pleas of Dauphin County. We are faced with the narrow question of whether the trial judge committed reversible error in sustaining an objection to a question asked of one of the condemnees regarding the purchase price of the property some 3 years and 9 months prior to the condemnation. The objection was sustained because of substantial changes which had occurred to the subject property in the interim, primarily as a result of a major renovation which followed the property's submersion in the flood associated with Hurricane Agnes in June of 1972. Although the question is a very close one, our narrow scope of review compels us to affirm the court below.

On January 3, 1975, the property of Carole and Donald Brown (condemnees) was condemned by the Redevelopment Authority of the City of Harrisburg (condemnor). When the condemnees purchased the triangular-shaped corner property in April 1971 for $35,000,[1] it was being used solely as an outmoded carwash. At the time of its condemnation, the Browns used their land as a fully automatic, full-service car-

---

---

court, the attorney for the condemnor went on to say that "he"—presumably, Donald Brown—did not know whether the purchase price included equipment. N.T. 57.