Louis J. Kaplan, Petitioner *v.* Paul J. Smith, in his official capacity as Secretary of Labor and Industry and James Wade, in his official capacity as Secretary of Administration, Respondents.

Argued September 27, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Blatt, DiSalle and Craig. Judges Rogers and MacPhail did not participate.

*Stephen A. Sheller,* with him *Bruce M. Ludwig,* for petitioner.

*Louis J. Rovelli,* Deputy Attorney General, with him *Kathleen F. McGrath,* Deputy Attorney General, *J. Austin Blewitt, Jr.,* Deputy Attorney General, and *Gerald Gornish,* Acting Attorney General, for respondents.

Opinion by Judge Mencer, January 22, 1979:

Louis L. Kaplan (Kaplan), Secretary of the Workmen's Compensation Appeal Board, has filed a petition for review in the nature of an action in mandamus seeking to compel a salary increase to which he is allegedly entitled under Section 441 of The Adminis-

trative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §151. The named respondents, Paul J. Smith (Smith), Secretary of Labor and Industry, and James Wade (Wade), Secretary of Administration, have filed preliminary objections in the nature of a demurrer which are presently before us for disposition. We sustain the preliminary objections with regard to Wade but overrule them as to Smith.

Kaplan's allegations, insofar as relevant to our decision, may be briefly stated. In March 1974, Kaplan met with Smith and Governor Milton J. Shapp to discuss possible adjustments to his salary. At this meeting, it was agreed that Kaplan's salary should be increased. When Smith failed to implement this decision, Kaplan again brought the matter to the attention of the Governor. As a result, a meeting was arranged between Smith and Dr. Zalmon H. Garfield, Special Assistant to the Governor. Smith and Garfield agreed that Kaplan's salary would be increased from $18,602 to $21,457. Smith, by memorandum dated April 2, 1975, requested Wade, agent for the Governor in personnel matters, to take the necessary steps to formally approve the salary increase. Wade, acting for the Governor, formally approved the increase on June 4, 1975 and directed Smith to implement the change. Smith, despite Kaplan's numerous requests, refused to process the necessary papers, and Kaplan therefore filed this action seeking to compel implementation of his salary increase.

Mandamus is an extraordinary writ and lies only to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other adequate remedy. *Styers v. Wade*, 30 Pa. Commonwealth Ct. 38, 372 A.2d 1236 (1977), *aff'd*, 478 Pa. 631, 387 A.2d 666 (1978). Man-

damus does not normally lie to compel the performance of discretionary acts. *See, e.g., Valley Forge Racing Association, Inc. v. State Horse Racing Commission*, 449 Pa. 292, 297 A.2d 823 (1972).

Kaplan claims a clear right to implementation of his salary increase under Section 441 of the Code, which provides, *inter alia*, that the Secretary of the Workmen's Compensation Appeal Board *"shall receive such salary as the Secretary of Labor and Industry, with the approval of the Governor, shall determine."* (Emphasis added.) Smith, however, contends that the matter of Kaplan's salary is within his discretion and that mandamus therefore does not lie.

It is true that Smith has discretion under Section 441 to "determine" Kaplan's salary, that is, Smith has discretion in deciding whether or not to recommend to the Governor that Kaplan's salary be increased or decreased. Smith also has the discretion to determine the amount of any such increase or decrease to be recommended to the Governor. Once Smith exercises this discretion and submits a specific figure to the Governor for approval, as he allegedly did in this case, and once the Governor approves such a figure, the mandatory language of Section 441 becomes operative.[1] Any further determination by Smith to increase or decrease Kaplan's salary must again be submitted to the Governor for approval. Since Smith, under the alleged facts, determined that Kaplan's salary should be increased, and since this determination was allegedly approved by the Gov-

---

[1] The word "shall" in statutes is generally regarded as imperative and not merely permissive. *Amalgamated Transit Union, Division 85 v. Port Authority of Allegheny County*, 417 Pa. 299, 208 A.2d 271 (1965). Although a contrary interpretation is possible, *id.*, preliminary objections which result in dismissal of a plaintiff's suit should be sustained only in cases which are clear and free from doubt, *Engel v. Parkway Co.*, 439 Pa. 559, 266 A.2d 685 (1970).

ernor, Smith had a clear duty under Section 441 to implement the salary increase, and Kaplan had a corresponding right to have his salary increased.[2] Therefore, a cause of action has been stated against Smith and his demurrer must be overruled.

Since the alleged facts do not indicate any breach of duty on the part of Wade, however, his demurrer must be sustained and the petition for review must be dismissed as to him.

Smith is also objecting to Kaplan's claim for punitive damages on the basis that, as a high public official, he is absolutely immune to claims for damages. Immunity is an affirmative defense which should be pleaded under new matter. Pa. R.C.P. Nos. 1030, 1091. Kaplan has filed preliminary objections to the respondents' preliminary objections on this basis, requesting this Court to strike the respondents' preliminary objections because of lack of conformity to rule of court. *See* Pa. R.C.P. No. 1017(b)(2). We have in the past considered issues of immunity raised in preliminary objections, despite similar objections, where it would serve no purpose except that of delay to postpone ruling on the matter. *See, e.g., McDevitt v. Golin,* 35 Pa. Commonwealth Ct. 409, 386 A.2d 627 (1978). In this case, however, further proceedings will be necessary in any event, and the interests of judicial economy do not justify a deviation from the Rules of Civil Procedure. Moreover, the parties have not had the opportunity to brief or argue the immunity issue in light of the Supreme Court's recent decision in *Du-Bree v. Commonwealth,* Pa. , 393 A.2d 293

---

[2] The cases relied upon by Smith, *Gallagher v. Springfield Township Board of Commissioners,* 438 Pa. 280, 264 A.2d 699 (1970), and *Eckert v. Buckley,* 23 Pa. Commonwealth Ct. 82, 350 A.2d 417 (1976), are distinguishable since they did not involve Section 441 or comparable mandatory language requiring the approval of the Governor for personnel changes.

(1978). We will therefore sustain Kaplan's preliminary objections and strike that portion of the respondents' preliminary objections which seeks to raise the issue of absolute immunity.[3]

## Order

And Now, this 22nd day of January, 1979, the preliminary objections of the petitioner in the above captioned matter to the preliminary objections of the respondents are hereby sustained, and paragraphs 2 through 4 of respondents' preliminary objections are hereby stricken. To the extent that petitioner's preliminary objections seek to have paragraph 1 of respondents' preliminary objections stricken, petitioner's preliminary objections are hereby overruled.

Respondents' preliminary objections to the petition for review, insofar as they are asserted on behalf of respondent James Wade, are hereby sustained, and the petition for review is hereby dismissed as to James Wade.

Respondents' preliminary objections to the petition for review, insofar as they are asserted on behalf of respondent Paul J. Smith, are hereby overruled, and Paul J. Smith is ordered to file an answer to the petition for review within 20 days of the date hereof.

---

Dissenting Opinion by Judge Crumlish, Jr.:

I respectfully dissent to that portion of the majority opinion which overrules the preliminary objections with respect to Respondent Smith.

The majority correctly holds that Smith's decision whether or not to increase Petitioner's salary is within his discretion and that his power to implement such

---

[3] We do not mean to suggest that Kaplan has necessarily alleged facts which, absent immunity, would justify an award of punitive damages. This issue has not been raised by the respondents.

a salary increase is one that is limited only by the requirement of the Governor's approval. However, I am unwilling to hold that, once the Governor's approval has been sought and obtained, there arises in Petitioner a clear legal right to the increase and a corresponding legal duty on the part of Smith to increase Petitioner's salary sufficient to support an action in mandamus.

Judge WILKINSON, JR., joins in this dissent.