City of Philadelphia et al., Petitioners *v.* Honorable Milton J. Shapp et al., Respondents.

304

Argued February 6, 1979, before President Judge
Bowman and Judges Crumlish, Jr., Wilkinson, Jr.,
Rogers, Blatt, DiSalle and Craig. Judges Mencer
and MacPhail did not participate.

*John M. McNally, Jr.*, First Deputy City Solicitor,
with him *Norman R. Segal*, Assistant City Solicitor,
and *Sheldon L. Albert*, City Solicitor, for plaintiffs.

*Stuart J. Moskovitz*, Assistant Attorney General,
for respondents.

Opinion by Judge Crumlish, Jr., July 17, 1979:

Presented for our consideration are the merits of
preliminary objections filed by the Defendants, the
Governor and the Secretary of the Department of
Transportation (PennDOT), to a complaint sounding
in mandamus and an action for specific performance

by the City of Philadelphia, its Mayor, and its Commissioner of Streets.[1]

The City alleges four separate counts:

I. That the Secretary and Governor, in violation of constitutional and legislative mandates, have failed to expend all monies appropriated for the maintenance, repair and construction of state streets, highways and bridges;

II. That, as a consequence of their inaction, the City has been obliged to expend approximately 1½ million dollars in effectuating repairs on street routes within the City's confines;

III. That Defendants have refused specific requests that they repair the following state routes: (a) Penrose Avenue; (b) Island Avenue, and (c) Interstate Highway 95; and

IV. That Defendants have failed to perform their duty recited in contracts dated February 27, 1975 and January 6, 1976, executed by and between the Commonwealth, acting through the Secretary of Transportation, and the City of Philadelphia, acting through the Street and Water Commissioners, whereby the Commonwealth covenanted, *inter alia,* to extend Woodhaven Road by new construction and to build a new Passyunk Avenue Bridge.

Plaintiffs seek mandamus to compel Defendants' performance in accordance with asserted constitutional and legislative mandates to expend appropriated monies to the repair and construction of state highways in general and specifically, to repair certain named routes; and that they reimburse the City for monies expended on these repairs as a result of Defendants' failure to repair. Plaintiffs also want De-

---

[1] At the time of filing, Milton J. Shapp was Governor of Pennsylvania, James B. Wilson was Secretary of PennDOT, and David J. Damiano was Commissioner of Streets of Philadelphia.

fendants to specifically perform in compliance with the terms of the two contracts.

Defendants have two basic preliminary objections: (1) to the complaint's legal sufficiency and factual specificity; and (2) to the City's standing as a political subdivision to sue its parent; and they assert sovereign immunity as a bar.

*Sua sponte*, we dismiss the fourth count of Plaintiffs' complaint. We hold that this Court lacks jurisdiction to determine contractual claims against the Commonwealth. The Board of Arbitration of Claims has exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts entered into with the Commonwealth under the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. §4651-4. Section 2(h)(2) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 Pa. C.S.A. §20002(h)(2), expressly immunizes the "authority, power, or jurisdiction" of the Board of Arbitration of Claims from its effects. Notwithstanding Plaintiffs' prayer is for equitable relief, their right thereto arises in contract and not at law. It is therefore properly subject to the jurisdiction of the Board of Arbitration of Claims. *See Koynok v. Department of Education,* 11 Pa. Commonwealth Ct. 556, 314 A.2d 355 (1974).

It is academic that mandamus seeks extraordinary relief and lies only where there is a clear legal right and a corresponding duty in the defendant. *Kaplan v. Smith,* 40 Pa. Commonwealth Ct. 95, 396 A.2d 493 (1979); *Styers v. Wade,* 30 Pa. Commonwealth Ct. 38, 372 A.2d 1236 (1977), *aff'd,* 478 Pa. 631, 387 A.2d 666 (1978). Mandamus will not lie to control the *manner* of performance of discretionary acts; mandamus does lie to review discretion where its exercise or nonexercise is arbitrary, fraudulent or based upon a mistaken view of the law. *Valley Forge Racing Association, Inc. v. State Horse Racing Commission,* 449 Pa. 292, 297 A.2d 823 (1972).

Section 2002 of The Administrative Code of 1929,[2] 71 P.S. §512(a), empowers the Department, *inter alia*:

(8) To mark, build, rebuild, relocate, fix the width of, construct, repair and maintain State designated highways and transportation facilities and rights of way;

. . . .

(10) To have exclusive authority and jurisdiction over all State designated highways;

(11) To superintend, supervise and control the work of constructing, reconstructing, maintaining and repairing State designated highways, and other transportation facilities and rights of way; . . . .

We have held that Section 2002 of The Administrative Code affords the Secretary and the Governor discretionary power to decide where and when to build highways. *Borough of White Oak v. Department of Transportation*, 25 Pa. Commonwealth Ct. 432, 360 A. 2d 825 (1976); *South Whitehall Township v. Department of Transportation*, 11 Pa. Commonwealth Ct. 558, 316 A.2d 104 (1974). *See* State Highway Law.[3]

However, implementing provisions of the State Highway Law speaking to the Department's obligation to repair state highways omit the same permissive language and instead provide clear legislative guidelines to the Secretary. Section 407 of the State Highway Law, 36 P.S. §670-407, provides:

For the purpose of uniform, efficient and economic maintenance and repair of the State highways, the department shall purchase all necessary material and shall appoint and employ all necessary labor or repairmen, who shall

---

[2] Section 2002 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177. *as amended,* 71 P.S. §512.

[3] State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. §670-101 et seq.

at all times keep the State highways free from holes, ruts, sticks, or other impediments of any kind which tend to interfere with free and easy travel, or which if permitted to exist might tend to the deterioration, injury, or destruction of the highway.

The term "shall" is ordinarily construed to mandate, and not merely to allow certain conduct, *Kaplan v. Smith, supra.* Here, it creates a duty in the department to make certain enumerated repairs. Because the State Highway Law does not establish priorities among the competing needs of the various municipalities, we must acknowledge the Secretary's limited discretion to determine priorities for the maintenance and repair of state highways when its limited resources are sought. However, where state highways in general and certain named routes in particular within a city have fallen into a hazardous state of disrepair and the Defendants nonetheless refuse to use financial resources at their disposal to effectuate the needed repairs, the complaint suggests discretion either arbitrarily exercised or exercised under a mistaken perception of the duty imposed by Section 407 of the State Highway Law.

That the parameters of the duty imposed by Section 407 are not absolutely certain does not prohibit this action since mandamus will lie to compel the exercise of a duty, even where the very existence and scope of the duty are not clearly delineated but must be defined during the course of the mandamus action itself. *Volunteer Firemen's Relief Association v. Minehart,* 415 Pa. 305, 203 A.2d 476 (1964); *Commonwealth ex rel. Lindsley v. Robinson,* 30 Pa. Commonwealth Ct. 96, 372 A.2d 1258 (1977).

Where a doubt exists as to the propriety of the complaint, preliminary objections in the nature of a demurrer should be overruled. *Maddux v. Depart-*

*ment of Agriculture,* 35 Pa. Commonwealth Ct. 386, 386 A.2d 620 (1978). The factual allegations in this complaint, vague as they may appear at first blush, indicate an unexplained refusal by the Secretary to perform his statutory duty and, accordingly, we will overrule Defendants' demurrer to Counts I, II and III.

Factual averments must be pleaded with sufficient specificity to enable Defendants to prepare their answer and defense, and because of Plaintiffs' failure to so plead, we will sustain Defendants' preliminary objection in the nature of a motion for a more specific pleading. However, we grant Plaintiffs leave to amend Counts I, II and III of their complaint so that they may allege with greater specificity the nature of the needed repairs, the length of time the highways have been in a state of disrepair, the amount of unused funds available to Defendants for the repair of state highways, and the times the remedial requests were made. Thus, Defendants will be able to prepare an answer and further defense.

On the issue of Defendants' objection to the City's standing as a political subdivision to sue officials of its parent state, *Volunteer Firemen's Relief Association v. Minehart, supra,* controls where it was held that the City of Reading and others were permitted to file a complaint in mandamus to try the correctness of the Auditor General's determination that the Association had used tax monies improperly. In *Commonwealth of Pennsylvania, Auditor General of Pennsylvania v. Borough of East Washington,* 474 Pa. 226, 378 A.2d 301 (1977), our Supreme Court held that jurisdiction is found in this Court to determine the merits of a borough's petition seeking review of the Auditor General's determination that certain Commonwealth allocations should be withheld. In light of these precedents, it is clear to us that the City's status

as a political subdivision does not deprive it of standing as a party who can maintain an action in mandamus.

Finally, we hold that the action is not barred by sovereign immunity.[4] A writ of mandamus here would simply compel Defendants to perform their repair duties as required by law. Reimbursement of the costs of the City-made repairs does not require the expenditure of Commonwealth monies which have not already been earmarked and appropriated for this purpose by Article 8, Section 11 of the Pennsylvania Constitution. Since the payment of the funds has been provided by statute, from the standpoint of the state, the "claim" has been established and therefore this is not a situation where waiver of sovereign immunity is an issue. *Volunteer Firemen's Relief Association v. Minehart, supra.*

Accordingly, we

ORDER

AND Now, this 17th day of July, 1979, we dismiss Count IV of Plaintiffs' complaint for lack of jurisdiction; except as to the Defendants' preliminary objections in the nature of a motion for more specific pleadings which we sustain, we overrule Defendants' preliminary objections to Counts I, II and III of the complaint. Plaintiffs are directed to file an amended complaint within thirty (30) days of the date of this Order or suffer dismissal of the complaint as of course.

---

DISSENTING OPINION BY PRESIDENT JUDGE BOWMAN:

I dissent and would sustain respondents' preliminary objections in the nature of a demurrer. I can

---

[4] Although immunity is an affirmative defense which ordinarily should be raised as new matter, we have considered and ruled upon issues of immunity raised in preliminary objections, when to delay ruling thereon would serve no purpose. *McDevitt v. Golin*, 35 Pa. Commonwealth Ct. 409, 386 A.2d 627 (1978).

find no valid basis for distinguishing between the duties imposed upon the Department of Transportation with respect to the maintenance and repair of highways by Section 2002 of The Administrative Code of 1929 which the majority characterizes as permissive, and Section 407 of the State Highway Law which the majority characterizes as mandatory. Both statutes provide that the Department "shall" maintain and repair State highways. Thus, I would apply the rationale of our decisions in *Borough of White Oak v. Department of Transportation*, 25 Pa. Commonwealth Ct. 432, 360 A.2d 825 (1976) and *South Whitehall Township v. Department of Transportation*, 11 Pa. Commonwealth Ct. 558, 316 A.2d 104 (1974), and dismiss the complaint for want of factual allegations that the Department in performing its duties within its budgetary confines discriminated against the City of Philadelphia or which otherwise would afford a factual basis for a conclusion of a manifest abuse of discretion in the exercise of this duty.

CONCURRING AND DISSENTING OPINION BY JUDGE WILKINSON, JR.:

I concur with that portion of the majority opinion which dismisses the fourth count of plaintiffs' complaint for lack of jurisdiction to determine contractual claims against the Commonwealth.

I dissent from the remainder of the opinion which dismisses the preliminary objections filed by the defendants. I cannot distinguish this case from *South Whitehall Township v. Department of Transportation*, 11 Pa. Commonwealth Ct. 558, 316 A.2d 104 (1974) where this Court unanimously sustained similar preliminary objections and dismissed the complaint in mandamus. I see no reason for changing the result here.