517 A.2d 1012

Wilma B. Culp et al. *v.* East Rockhill Township. East Rockhill Township *v.* Robert D. Culp, Joel W. Culp, Wilma B. Culp. Robert D. Culp, Joel W. Culp, Wilma B. Culp, Appellants.

Wilma B. Culp et al. *v.* East Rockhill Township. East Rockhill Township *v.* Robert D. Culp, Joel W. Culp, Wilma B. Culp. Robert D. Culp, Joel W. Culp, Wilma B. Culp, Appellants.

Wilma B. Culp et al. *v.* East Rockhill Township. East Rockhill Township *v.* Robert D. Culp, Joel W. Culp, Wilma B. Culp. Robert D. Culp, Joel W. Culp, Wilma B. Culp, Appellants.

Argued June 10, 1986, before Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Robert C. Whitley, III,* with him, *Dianne C. Magee* and *William E. Moore,* for appellants.

*Emory W. Buck, Grim and Grim,* for appellee.

OPINION BY JUDGE CRAIG, November 14, 1986:

Wilma B. Culp, Robert D. Culp and Joel W. Culp appeal from an order of the Court of Common Pleas of Bucks County. That order pertains to sixteen separate actions—fifteen filed by the Culps and one filed by East Rockhill Township—which related to the Culps' filing of several applications with the township for a license to operate a trailer park, the Culps' appeals to the zoning hearing board from decisions of the township board of supervisors, the conduct of the zoning hearing board, and appeals from the decisions of the zoning hearing board to the trial court.[1]

The trial court, in a thorough and well-reasoned opinion, fully describes the lengthy factual background, and provides a complete analysis of the issues. The court dismissed the Culps' fifteen actions and, in the township's equity action, enjoined the Culps from engaging in any future violation of the subdivision and land development ordinance. We affirm.

On appeal, the Culps raise twelve issues. Those issues are as follows:

1. Were two trailer park regulatory ordinances repealed by later enacted zoning and subdivision control ordinances?

2. Were the township's notices of the amendments to the zoning ordinance and subdivision ordinance advertised in a newspaper of general circulation, in accordance with section 610 of the Pennsylvania Municipalities Planning Code (MPC)?[2]

---

[1] The trial court consolidated all sixteen actions.

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11108-A.

3. Were the Culps' trailer park applications entitled to the five-year protection against ordinance changes provided by section 508(4) of the MPC?

4. Did the township's "return" of the Culps' trailer park applications constitute a decision under section 508 of the MPC?

5. Does section 908(4) of the MPC provide an applicant with an absolute statutory right to subpoenas for documents and witnesses?

6. Is a zoning hearing board a quasi-judicial body, and therefore does it have the authority to prohibit private tape recording of its hearings?

7. Did the zoning hearing board provide the Culps with a fair hearing?

8. Was a zoning board hearing on July 19, 1983, the last hearing for the purpose of invoking a deemed approval under section 908(9) of the MPC?

9. Were the Culps entitled to a deemed decision under section 908(9) of the MPC, when they requested a continuance of the zoning hearing, for the purpose of obtaining a court ruling on the zoning hearing board's prohibition of private tape recordings, and then opposed a continuance at the next hearing, even though they refused to respect the board's prohibition and the court had not yet ruled on the prohibition?

10. Were the Culps entitled to a judgment on the pleadings in their favor because the township did not file an answer to their declaratory judgment action?

11. Should the Culps have been enjoined from engaging in any future action which would violate the subdivision and land development ordinance?

12. Did the trial court retain jurisdiction to act upon the Culps' motions for reconsideration, after the thirty day period for appealing to this Court had expired?

Judge BIESTER, in his comprehensive opinion, thoroughly dealt with issues Nos. 1, 2, 3, 4, 6, 7, 8, 9

and 11, and, with respect to those issues, we adopt that opinion, at *Wilma B. Culp v. East Rockville Township*,     Pa. D. & C. 3d     (Nos. 81-00082 and 84-3058, filed June 19, 1985). Issues Nos. 5, 10 and 12 will be discussed below.

### Did The Zoning Hearing Board Err in Not Issuing Subpoenas For the Production of Documents and Witnesses?

Section 908(4) of the MPC provides:

The chairman or acting chairman of the board or the hearing officer presiding *shall have power to* administer oaths and *issue subpoenas* to compel the attendance of witnesses and the production of relevant documents and papers, including witnesses and documents requested by the parties.

53 P.S. §10908(4). (Emphasis added.)

The Culps contend that the word "shall" in the statute mandates that the zoning hearing board issue subpoenas for the production of documents and the attendance of witnesses. Although we agree that the use of the word "shall" in a statute generally mandates an action, *City of Philadelphia v. Shapp*, 44 Pa. Commonwealth Ct. 303, 403 A.2d 1043 (1979), the pivotal issue is whether the production of documents and the attendance of witnesses were *relevant* to the proceeding.

The Culps requested that the zoning hearing board issue subpoenas for the attendance of five witnesses who were past or present elected or appointed officials of the township, for the production of all the minutes of public meetings of the board of supervisors or the planning commission for the past twenty-five years, and for all the advertisements of ordinances enacted or repealed by the township for a twenty-five year period. The chairman of the zoning hearing board wrote to the

Culps asking them to clarify exactly what they needed because it appeared that most of the requested information was not relevant to their case. The Culps did not respond to this request.

The zoning hearing board did not make any decision on the subpoenas before the Culps' first zoning board hearing. At the first hearing, a dispute arose concerning the board's prohibition of private tape recordings of the hearing. The Culps did not raise the subpoena issue at that hearing. At the next zoning board hearing, the chairman of the board requested that the Culps make their subpoena request more specific. Again, the issue was not resolved at that hearing because of the tape recorder dispute. The Culps at no time made their subpoena request more specific nor did they raise the issue again until their appeal to the trial court. Therefore, we conclude that the zoning hearing board did not err in not issuing the requested subpoenas.

## Were The Culps Entitled To A Judgment On The Pleadings In Their Favor Because The Township Did Not File An Answer To Their Declaratory Judgment Action?

On May 11, 1983, the Culps filed with the trial court an action for declaratory judgment against the township, which contained a notice to defend. The township at no time filed an answer to that complaint. On October 1, 1984, the Culps filed with the trial court a motion for judgment on the pleadings. The trial court, on June 19, 1985, refused to grant judgment for the Culps on the pleadings motion, but entered a judgment on the pleadings in favor of the township.

The Culps contend that the trial court erred in entering a judgment on the pleadings in favor of the township because the township had failed to file an answer to their declaratory judgment action and therefore was in default.

Pa. R.C.P. No. 1511(a), an equity rule which also applies to declaratory judgment proceedings (Pa. R.C.P. No. 1601(a)), reads:

> The prothonotary, on praecipe of the plaintiff, shall enter a judgment by default against the defendant for failure to plead within the required time to a complaint which contains a notice to defend . . .

Because the Culps did not file a praecipe to enter a judgment by default against the township in accordance with Pa. R.C.P. No. 1511(a), and did not give notice to the township of their intent to file such a praecipe pursuant to Pa. R.C.P. No. 237.1, they are not entitled to a default judgment in their favor.

Therefore, the pivotal issue is whether the trial court erred in entering a judgment on the pleadings *against* the Culps. A motion for judgment on the pleadings against the plaintiff is in the nature of a demurrer, accepting all of the factual averments of the complaint as true. The test is whether the result is so clear, as a matter of law, that a trial would be fruitless. *Bata v. Central Penn National Bank of Philadelphia*, 423 Pa. 373, 224 A.2d 174 (1966).

The Culps' declaratory judgment complaint sought, ultimately, a declaration that the two trailer park regulatory ordinances had not been repealed at the time they filed their trailer park license applications and, toward that end, requested an opportunity to conduct discovery. The first eleven averments of the complaint recited the history of the Culps' application procedure, as noted above. The absence of any answer by the township confirmed the undisputed truth of those averments. Averments 13, 14 and 15 constituted merely a repetition of the statement of relief requested. The remaining averment, No. 12, was a bald conclusion of law that the trailer park regulatory ordinances had not been repealed.

The trial court, of course, was not bound to accept that conclusion of law, which, in effect, constituted an expression of the declaration sought as ultimate relief in the case. *Matthew-Landis Co., Inc. v. Housing Authority of Chester County*, 240 Pa. Superior Ct. 541, 361 A.2d 742 (1976).

Moreover, the complaint supplied no basis for the assertion that discovery was necessary to explore the legal status of a series of ordinances, a matter which necessarily hinges upon available public records. Accordingly, the trial court properly concluded that, although the complaint embraced undisputed factual averments, it made out no cause of action for the specified declaratory judgment, as a matter of law, nor did it supply any basis for the attempted use of the proceeding as a bill of discovery. Thus, the trial court did not err in entering a judgment on the pleadings against the Culps because a trial would have indeed been fruitless.

## Did The Trial Court Retain Jurisdiction To Act Upon The Motions For Reconsideration After The Thirty Day Appeal Period Had Expired?

On July 11, 1985, the Culps filed, with the trial court, three motions for reconsideration pursuant to Pa. R.A.P. 1701(b)(3), and on the same date filed three appeals with this court. The trial court filed its final order on June 19, 1985. On August 12, 1985, the trial court issued a rule to show cause for two of the motions, which was to be returned by August 26, 1985. The trial court did not enter an order on any of the motions before the expiration date of the thirty day period for appeal to this court, which was July 19, 1985.

The Culps contend that the trial court did not have an opportunity to rule upon the motions for reconsideration because the prothonotary had transmitted the record to this court and therefore, the cases should be remanded to the trial court.

Pa. R. A. P. 1701(b)(3)(i) and (ii) reads:

(b) *Authority of Trial Court or Agency After Appeal.* After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may: . . .

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

(ii) · an order expressly granting reconsideration of such prior order is filed in the trial court or other goverment unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

The explanatory note to Pa. R. A. P. 1701(b)(3) provides: Subdivision (b)(3) is intended to handle the troublesome question of the effect of application for reconsideration on the appeal process. . . . If the trial court or other government unit fails to enter an order 'expressly granting reconsideration' (an order that 'all proceedings shall stay' will not suffice) within the time prescribed by these rules for seeking review, Subdivision (a) becomes applicable and the power of the trial court or other government unit to act on the application for reconsideration is lost.

The court in *Leonard v. Andersen Corporation,* 300 Pa. Superior Ct. 22, 445 A.2d 1279 (1982), followed this explanatory note. Accordingly, we hold that the trial court was divested of jurisdiction to act upon the motions for reconsideration, when it had not acted within the thirty day appeal period.

Therefore, the sound order by Judge BIESTER, of the Court of Common Pleas of Bucks County, is affirmed.

ORDER

Now, November 14, 1986, the order of the Court of Common Pleas of Bucks County at 81-00082 and 84-3058, dated June 19, 1985, is affirmed.