# Faust v. Commonwealth

*Doris Applebaum,* for plaintiffs.
*Claudia M. Tesoro,* for defendant Commonwealth of Pennsylvania.

SOKOLOVE, *J.,* September 11, 1990 — Plaintiffs have appealed to the Commonwealth Court from our order granting the preliminary objections of defendant Commonwealth of Pennsylvania and granting the motion for judgment on the pleadings of the remaining 10 individual defendants.

Pursuant to our further order, plaintiffs have filed a statement of matters complained of on appeal, consisting of the following:

"(1) The trial court erred in deciding that the State of Pennsylvania is not a person within the meaning of section 1983 of the Federal Civil Rights Act of 1871.

"(2) The trial court erred in deciding as a matter of law that the Commonwealth agency being sued, the Department of Revenue, and its employees, ser-

vants and agents, are cloaked with sovereign immunity for their intentional torts carried out within the scope and course of their employment.

"(3) The trial court erred in deciding as a matter of law that plaintiff's complaint does not state a cause of action in mandamus against the Secretary of the Department of Revenue, Barton A. Fields, and the Director of Personnel of the Department of Revenue, John S. Greecher.

"(4) The trial court erred in deciding as a matter of law that the plaintiff could not state a cause of action in mandamus under any set of facts through the filing of an amended complaint."

To explain our order in light of plaintiffs' statement above, we will review the pleadings in this matter, with an emphasis on plaintiffs' complaint.

On September 1, 1989 plaintiffs filed a 39-page complaint, naming as defendants the Commonwealth of Pennsylvania, Department of Revenue and 10 individual employees of the Department of Revenue. The complaint, both in the caption and the body, specified the exact employment titles of the respective individual defendants, stated that they were named in their official capacities and alleged that they were acting as agents and employees of the Department of Revenue at all relevant times.

The complaint generally alleges that plaintiff Marian Jane Faust was employed as a revenue investigator by the defendant Department of Revenue for over 16 years. The first count alleges that, as the result of an anonymous tip concerning Ms. Faust's work habits, certain of the individual defendants undertook an internal investigation of her, beginning on or about May 8, 1987. The investigation caused Ms. Faust emotional distress. After a fact-finding, predisciplinary conference, attended by representatives of Ms. Faust's union among others, Ms. Faust

was suspended for two days without pay. She served the suspension on February 25 and 26, 1988. According to the complaint, the aforementioned violated Ms. Faust's federal civil rights to freedom of speech and due process of law, as guaranteed by the First and 14th Amendments to the U.S. Constitution and enforced by the Civil Rights Act of 1871 codified at sections 1983, 1985, 1986 and 1988 of Title 42 of the U.S. Code. The first count demanded relief for Ms. Faust from the department and seven of the individual defendants, jointly and severally, in the form of reimbursement for her two-day suspension without pay, purging her personnel record of any reference to the suspension and disciplinary action, reimbursement of her medical expenses brought about by the investigation, compensation in excess of $20,000 for the violation of her civil rights and her resulting physical pain, mental pain, emotional distress, harm to reputation and inconvenience and punitive damages in the amount of $100,000 or as determined by the court and attorney's fees.

In the second count of the complaint, plaintiffs allege that Ms. Faust was targeted for dismissal from her job with the department by certain of the individual defendants by reason of her political registration in, affiliation with and activities for the Republican party. With this motivation and in conspiracy with each other, the various defendants instituted another internal investigation of Ms. Faust's daily work on or about April 19, 1988. The complaint avers that defendant James Furlong, the local district administrator for the department, improperly reprimanded Ms. Faust for a collection she had made with his permission and scheduled another fact-finding, predisciplinary conference pursuant to the reprimand. The conference was held on

May 10, 1988, but the complaint does not state that Ms. Faust was disciplined as a result of the conference. Although Ms. Faust reported to work the following day, she suffered a mental breakdown and had to leave to seek medical treatment. Her emotional distress also aggravated her asthmatic condition. The complaint further alleges that, upon her doctor's advice, Ms. Faust took early retirement (one year early) from her job with the department. This count of the complaint specifically states that defendants acted willfully, maliciously and with a specific intent to injure and harm Mrs. Faust in her employment and business reputation and to abridge and deny her constitutional rights. The second count requests relief against all defendants except Alfonso Nicola as follows: the full purging of any reference in Ms. Faust's personnel record of the reprimand and the May 10, 1988 predisciplinary hearing, Ms. Faust's reinstatement to the same employment with the department, payment to Ms. Faust of all benefits she would have received had she not taken early retirement, payment of the wages Ms. Faust would have earned had she not taken early retirement, money damages in excess of $20,000, punitive damages of $100,000 or an amount determined by the court and attorney's fees.

The third count of the complaint repeats the factual allegations of the first count but asserts a violation of the Pennsylvania Constitution, specifically Article I, sections 1, 2, 5, 7, 11 and 26, as opposed to the federal Constitution. Likewise, the fourth count incorporates the facts of the second count to set forth state constitutional grounds. The fifth count consists of the claim of plaintiff Harry S. Faust Sr., Ms. Faust's husband, for loss of consortium.

After the filing of the complaint, defendants removed the matter to federal district court pursuant to 28 U.S.C. §1446(d). While the action was pending in federal court, the individual defendants all filed answers to the complaint with seven affirmative defenses. For our purposes, the only relevant affirmative defenses raised by the individual defendants were that the complaint failed to state a claim upon which relief could be granted (known in our state courts as a demurrer) and that plaintiffs' state law claims were barred by sovereign immunity. The defendant department did not file an answer. Upon motion of plaintiffs, the federal district court remanded the case to our court, whereupon the individual defendants filed their motion for judgment on the pleadings, and the department filed preliminary objections in the nature of a demurrer and a motion to strike the punitive damages claims. We held oral argument and received memoranda of law, including supplemental memoranda, from both sides.

After analyzing the law, we sustained the department's demurrer and entered judgment in favor of the individual defendants on their motion. We purposely did not allow the filing of an amended complaint because we found that, under the facts alleged, plaintiffs could not state a valid cause of action. The first two counts, attempting to set forth federal civil rights claims, were precluded by the U.S. Supreme Court's holdings in *Will v. Michigan Department of State Police,* __ U.S. __, 109 S.Ct. 2304, 105 L.E.2d 45 (1989), and *Griffin v. Breckenridge,* 403 U.S. 88 (1971). The third and fourth counts, sounding in state law, were barred by the doctrine of sovereign immunity and did not set forth cognizable claims in mandamus. The fifth count for loss of consortium was derivative of the other claims

and, therefore, also failed. *Krupa v. Williams,* 316 Pa. Super. 408, 463 A.2d 429 (1983).

We are surprised that plaintiffs have challenged our ruling on the federal counts. At oral argument, plaintiffs' counsel expressly admitted that counts I, II and V were defeated by *Will v. Michigan Department of State Police, supra.* So conceding she pleaded with us that "all we want is our day in court and to get the personnel record expunged." Any questions concerning our dismissal of the first two counts were waived. Nevertheless, it is indisputable that our decision in this regard was correct.

The statutes under which plaintiffs brought their federal claims, 42 U.S.C. §§1983, 1985, 1986 and 1988, provide for private rights of action to recover civil damages for the infringement of civil rights. Specifically, section 1983 imposes liability upon "every person" who under color of state law deprives another of any rights, privileges or immunities secured by the Constitution and laws of the United States. The U.S. Supreme Court unequivocally held in *Will, supra,* that neither states nor state officials acting in their official capacities are "persons" within the meaning of section 1983. There can be no successful argument that we are not bound by decisions of the U.S. Supreme Court. Since plaintiffs' complaint makes allegations against the department, a state agency, and the other defendants exclusively in their official capacities, the section 1983 claim cannot prevail.

Similarly, sections 1985 and 1986 refer to civil liability for actions taken by "persons" — the conspiracy by two or more persons to interfere with civil rights, 42 U.S.C. §1985, and the neglect of a person to prevent the section 1985 conspiracy and its wrongs, 42 U.S.C. §1986. The *Will* holding may be extended to these sections. Furthermore, the

U.S. Supreme Court stated in *Griffin v. Brecken-ridge, supra,* that racial or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action is a required element of a cause of action under section 1985. Plaintiffs alleged no such animus on the part of defendants to support the section 1985 and section 1986 claims.

Finally as to the propriety of our dismissal of the first two counts, section 1988 allows for the award of attorney's fees to the prevailing party in an action under 42 U.S.C. §§1981-1986. Inasmuch as plaintiffs cannot prevail on their complaint under sections 1983, 1985 or 1986, they cannot possibly be awarded attorney's fees pursuant to section 1988.

Regarding their state law claims, plaintiffs argue that defendants are not protected by sovereign immunity for intentional torts committed within the scope and course of employment. We disagree.

Sovereign immunity is the general rule in Pennsylvania. Title 1 Pa.C.S. §2310 provides:

"Pursuant to section II of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to the judiciary and judicial procedure) unless otherwise specifically authorized by statute."

Title 42 Pa.C.S. §8522 waives sovereign immunity for Commonwealth agencies and employees acting

within the scope of their employment only in nine strictly defined negligence categories. It is well established that any waiver of sovereign immunity must be strictly construed in favor of the Commonwealth. *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989).

In carefully perusing the sovereign immunity statutes in view of the mandate of strict construction, we find that there is no waiver of sovereign immunity for intentional, as opposed to negligent, acts of Commonwealth agencies and employees in their official capacities. The Commonwealth Court also made this finding in *Yakowicz v. McDermott,* 120 Pa. Commw. 479, 548 A.2d 1339 (1988), where it held that sovereign immunity barred an action for defamation against an employee of a Commonwealth agency. There, the Commonwealth Court wrote:

"We note that the immunity defense provided by the General Assembly to local agencies and their employees in 42 Pa.C.S. §8541-8564 is lost to local agency employees where their actions constitute a 'crime, actual fraud, actual malice or willful misconduct.' 42 Pa.C.S. §8550. . . . The General Assembly has *not* included any such abrogation of the immunity provided to Commonwealth agency employees." 120 Pa. Commw. at 488, n.5, 548 A.2d at 1334, n.5. (emphasis in original)

This reasoning applies to shield the defendants here from liability for any intentional torts alleged by plaintiffs.

The last question we must address is whether plaintiffs stated, or could have stated, a viable cause of action under state law in mandamus.

It is true that sovereign immunity does not block a proper action in mandamus. *Borough of Jefferson v. Century III Associates,* 60 Pa. Commw. 94, 430

A.2d 1040 (1981), vacated on other grounds, 498 Pa. 57, 444 A.2d 665; *City of Philadelphia v. Shapp,* 44 Pa. Commw. 303, 403 A.2d 1043 (1979). The standards for mandamus are clear. The remedy of mandamus will only lie to compel the official performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant and the lack of any other adequate and appropriate remedy at law. *Delaware River Port Authority v. Thornburgh,* 508 Pa. 11, 493 A.2d 1351 (1985). Mandamus is an extraordinary remedy and will not lie to compel the performance of discretionary acts except when the exercise or non-exercise of discretion is arbitrary, fraudulent or based upon a mistaken view of law. *Maden v. Jeffes,* 85 Pa. Commw. 414, 482 A.2d 1162 (1984). For an action in mandamus to lie, it must involve the assertion of a present right which has been refused by an agency or governmental officer whose clear duty it is to perform. *Camiel v. Thornburgh,* 507 Pa. 337, 489 A.2d 1360 (1985). See Pa.R.C.P. 1095.

The relief Ms. Faust seeks in her state law counts is not available to her in mandamus for several reasons. Aside from compensatory and punitive damages, she asks for expungement of any disciplinary action from her personnel records, for reinstatement of her employment and benefits and for back wages. First, mandamus will not support the recovery of employment, benefits and wages in this case. The complaint plainly states that Ms. Faust resigned from her employment. Mandamus will not provide a remedy for action she took herself in resigning. See *Porter v. Board of Supervisors of North Franklin Township,* 82 Pa. Commw. 440, 474 A.2d 124 (1984). Second, the removal of information from Ms. Faust's personnel records does not involve a purely

ministerial act or mandatory duty on the part of the department's officials. The discipline of employees is clearly a discretionary function. Cf. *Beckert v. Warren,* 497 Pa. 137, 439 A.2d 638 (1981). Further, Ms. Faust has not alleged that she ever made a request for the modification of her records to the department, which request was arbitrarily or fraudulently refused. Lastly, and most significantly, mandamus is not proper in this matter because Ms. Faust had an adequate and appropriate remedy at law which she chose not to pursue. As a unionized employee, Ms. Faust had the right to invoke administrative, labor law procedures to appeal the disciplinary action taken against her.

To sustain a demurrer, the complaint must indicate on its face that the claim cannot be sustained and that the law will not permit recovery. *Gekas v. Shapp,* 469 Pa. 1, 364 A.2d 691 (1976). Judgment on the pleadings may be granted only in cases where no facts are at issue, and the law is so clear that a trial would be a fruitless exercise. *Beardell v. Western Wayne School District,* 91 Pa. Commw. 348, 469 A.2d 1373 (1985). We are satisfied that these requirements were met in this matter as explained in detail above. The alleged facts were not disputed; they could not support any cause of action against these defendants. Although sovereign immunity is technically an affirmative defense to be pleaded as new matter, we ruled on the Commonwealth's demurrer on this, as well as other grounds, because a delay in the ultimate decision would have served no purpose. *City of Philadelphia v. Shapp, supra.* Although the amendment of pleadings should be liberally allowed, we did not grant plaintiffs the opportunity to file an amended complaint to plead mandamus. We fully considered their right to mandamus and concluded that they could not maintain

an action in mandamus under the facts they alleged and for the relief they sought. Further pleadings would be futile.

The foregoing explains our order.