## Adams, Appellant, *v.* Hubbard.

*Appeals—Equity—Rehearing—Review.*

Where on an appeal from a decree in equity dismissing a petition for a rehearing and a modification of a prior decree, the Supreme Court finds no question raised by the assignments of error that had not been decided, or that could not have been raised for decision in the original proceeding and a former appeal therein, the action of the lower court in dismissing the petition will be sustained.

Argued Jan. 17, 1910. Appeal, No. 298, Jan. T., 1909, by plaintiff, from decree of C. P. No. 4, Phila. Co., June T., 1896, No. 543, dismissing petition for rehearing in case of John Quincy Adams v. George L. Hubbard et al., surviving partners of the firm now or late trading as George K. Hubbard and Company, and Dilworth P. Hibberd Esq., Administrator d. b. n. of the Estate of George K. Hubbard, deceased, substituted in place of George L. Hubbard, removed as administrator. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Petition for rehearing.

*Error assigned* was decree dismissing the petition.

*J. Barton Rettew,* for appellant.

*Samuel P. Tull,* for appellee.

PER CURIAM, February 21, 1910:

This appeal is from an order dismissing a petition for the opening and correction of a decree entered in the common pleas and affirmed by this court on appeal. A clear and concise history of the case will be found in the opinion of our Brother POTTER in Adams v. Hubbard, 221 Pa. 511. We do not find any question raised by the assignments of error that has not been decided or that could not have been raised for decision in the original proceeding. The former adjudication therefore must be considered final.

The appeal is dismissed.