## Giunta et al., Appellants, *v.* DeFrancesco et al.

Argued October 26, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Bernard R. Cohn,* for appellants.

*Joseph Alessandroni,* for appellees.

OPINION BY RHODES, J., March 2, 1945:

This is an appeal from the order of the court below discharging plaintiffs' rule upon defendants to show cause why a prior order of the court below should not be vacated. A brief review of the proceedings in this equity case is essential. Plaintiffs were the owners of two properties in Philadelphia—1608 South 20th Street, and 1557 Capitol Street. Both properties were encumbered by mortgages and the mortgagee of the Capitol Street property offered to sell and assign that mortgage to plaintiffs for the sum of $1,900. Tito J. Macchia, a real estate broker and one of the defendants, was employed by plaintiffs to purchase the mortgage on their behalf. He purchased the mortgage and then had it assigned to Nicola De Francesco, the other defendant. The latter issued a fieri facias on the bond and bought both properties at the sheriff's sale. Plaintiffs then filed a bill in equity to have defendants declared trustees ex maleficio. The case came on for hearing, and a decree was entered in which it was adjudged that "defendants, Nicola De Francesco and Tito J. Macchia, hold premises 1557 Capitol Street and 1608 South 20th Street, Philadelphia, in trust for plaintiffs." By the decree defendants were also directed to "convey the two properties to plaintiffs upon the payment by plaintiffs to defendants of such sum as may be hereafter determined in this proceeding to be payable." Defendants, within twenty-one days, were to file an account of all moneys received and disbursed by them with respect to the properties. No exceptions were filed, and on September 7, 1943, the final decree was entered. The

account was duly filed by defendants, and exceptions thereto were dismissed; and the court entered an adjudication sur account, and directed that a schedule of distribution be prepared stating specifically the amounts payable by plaintiffs to defendants as required by the final decree, and that the schedule when approved would form part of the adjudication. Exceptions to this adjudication were dismissed, and on December 13, 1943, defendants having filed a schedule of distribution, a decree was entered approving the schedule and adjudging that the sum of $2,489.52 was the amount payable by plaintiffs to defendants as required by the final decree. On February 3, 1944, on defendants' petition a rule was granted on plaintiffs to show cause why they should not pay defendants the sum of $2,489.52, in accordance with the court's order, within ten days of the disposition of the rule, otherwise the decree of September 7, 1943 (which was conditional) would be vacated and the bill dismissed. Plaintiffs filed no answer to the petition and made no application for opportunity to do so, although the averments of the petition required an answer or an explanation. Accordingly, on February 15, 1944, the rule was made absolute and a decree entered in the sense of the rule. A copy of this decree was served upon plaintiffs' counsel on February 17, 1944, and no exception thereto having been taken, and plaintiffs having failed to comply therewith, on February 29, 1944, the decree of September 7, 1943, was vacated and the bill dismissed. Plaintiffs did not appeal from this order of February 29, 1944. But on May 17, 1944, on plaintiffs' petition, a rule was granted on defendants to show cause why the order of February 29, 1944, should not be vacated and a master appointed; no stay of proceedings was requested or allowed. An answer to this petition and rule was filed by defendants, an argument was held on petition and answer, no depositions having been taken, and the rule was discharged on May 31, 1944. On August 29, 1944, plaintiffs appealed to this court

from the order of May 31, 1944, discharging plaintiffs' rule to vacate the order of February 29, 1944, and to appoint a master.

The court below in its opinion has adequately summarized the situation: "On May 31, 1944, after consideration of the averments in the petition and answer, the rule was discharged. All items in dispute between the parties had been determined by the adjudication sur account, which had been approved by the court in banc in dismissing plaintiffs' exceptions thereto on November 18, 1943, and nothing remained to be done after the entry of the decree of December 13, 1943, except (1) the payment by plaintiffs to defendants of the sum of $2,489.52, and (2) the execution and delivery of a deed or deeds by defendants conveying the two properties to plaintiffs in accordance with the court's decrees, and the assignment to plaintiffs or the satisfaction of the mortgage on 1557 Capitol St. by defendants. Obviously, the appointment of a master was not required . . . . . . The averments of the petition of plaintiffs' counsel . . . . . . showed clearly that they were even on May 17, 1944, the date the petition was filed, not willing to make payment and to accept a deed or deeds for the two properties in accordance with the court's decrees, but were belatedly attempting to obtain a reconsideration of the matters determined in the adjudication sur defendants' account, and to have set aside the decree of December 13, 1943, which was entered following the dismissal of their exceptions to that adjudication by the court in banc on November 18, 1943, and which adjudged the amount payable by them to defendants. Furthermore, the averments in the answer of defendants' counsel thereto, . . . . . . which were deemed admitted in the absence of depositions contradicting them, indicated conclusively that plaintiffs had no intention of complying with the court's decrees, and that they and their counsel were trifling with the court."

This appeal does not present any question which has not been finally decided, or which plaintiffs were not obliged to raise for decision in the prior proceedings if at all. *Adams v. Hubbard,* 227 Pa. 304, 76 A. 17.

The appeal is dismissed, at the cost of appellants.