## Dunn, Appellant, *v.* Orloff.

Argued May 5, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert L. Trescher,* with him *Edward D. Slevin,* and *Montgomery, McCracken, Walker & Rhoads,* for appellant.

*Paul Shalita,* with him *Melvin Lashner,* and *Adelman & Lavine,* for appellees.

OPINION BY MR. JUSTICE COHEN, June 1, 1964:

On May 3, 1962, the lower court made absolute a rule to open judgment. No appeal was taken from that order even though the Act of May 20, 1891, P. L. 101, §1, 12 P.S. §1100 makes such an order appealable.[1]

At the time of argument on the petition to open judgment, the pleadings before the lower court consisted of the judgment note and the judgment entered thereon, the petition to open judgment and plaintiff's answer thereto. On November 26, 1963, more than 16 months after entry of the order opening judgment and more than 13 months after the time for appeal from that order elapsed, plaintiff-appellant filed a motion

---

[1] "In all cases of application for the opening, vacating and striking off of judgments of any kind, whether entered by amicable confession, upon warrant of attorney or otherwise, any party aggrieved by the decision of the court opening, vacating or striking off or the refusal to open, vacate or strike off such judgment, may appeal therefrom to the supreme court of this commonwealth and such cause shall thereupon be heard, reviewed and decided upon such appeal by the supreme court, in like manner as appeals from final decrees to the said supreme court."

for judgment on the pleadings.[2]   The motion was denied and this appeal was taken.

The sole impact of the motion for judgment on the pleadings was to request the court below to reconsider its prior determination that the judgment should be opened and the parties should proceed to trial. In effect, this new motion seeks to collaterally attack the lower court's prior determination.

It is not necessary to labor the point that all issues raised in the original motion to open judgment and all issues that could have been raised are similar to those which confronted the lower court on the motion for judgment on the pleadings.   Hence, this motion for judgment on the pleadings is nothing more than an attempt to reargue a previous ruling from which no appeal, although available, had been taken. The same pleadings were before the court on both motions.   We do not find any question raised by the petition for judgment on the pleadings that could not have been raised for decision on the original motion to open.   See *Adams v. Hubbard,* 227 Pa. 304, 76 Atl. 17 (1910).

Order affirmed.

---

[2] Pa. R.C.P. 1034(a) provides that "After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings."