## Burstein v. Elgart

*A. L. Burstein*, for plaintiff.
*Joel Meredith*, for defendant.

HIRSH, J., June 26, 1974.—Plaintiff filed his original complaint in assumpsit on September 27, 1971, to recover money allegedly owed for legal services rendered to defendant. Defendant answered with new matter on October 15, 1971, and plaintiff filed an answer to new matter on November 4, 1971. Thereafter, on November 29, 1971, plaintiff filed an amended complaint and defendant filed his answer on December 21, 1971.

On February 7, 1972, defendant filed notice to take deposition of plaintiff. Plaintiff's motion for protective order filed on February 14, 1972, was denied on May 24, 1972, by this court, and plaintiff was ordered to present himself for deposition within 45 days. After notice was filed on June 13, 1972, to take plaintiff's deposition, plaintiff again moved for a protective order. This was again denied on September 21, 1972, and plaintiff was ordered to present himself for deposition within 30 days. On November 16, 1972, defendant moved for judgment of non pros. On November 27, 1972, this court ordered that judgment of non pros be entered against plaintiff for failure and refusal to submit to deposition as twice ordered by this court. Plaintiff's petition of August 1, 1973, to vacate the

judgment of non pros was denied on October 10, 1973, by this court. This matter is presently before the court on plaintiff's motion of November 13, 1973, for reconsideration of the denial of plaintiff's petition to vacate the judgment of non pros.

The sole issue before this court is whether this petition is barred by res judicata, that is, whether the denial of plaintiff's petition to vacate the judgment of non pros is res judicata of plaintiff's present petition. It is well established that a judgment on the merits rendered by a court of competent jurisdiction is a bar to any future action between the same parties on the same cause of action: Burke v. Pittsburgh Limestone Corp., 375 Pa. 390 (1953); and Stevenson v. Silverman, 417 Pa. 187 (1965). However, does the rule of res judicata apply to pretrial motions as it applies to judgments?

Generally, a party who has submitted his alleged grievance on motion or rule to a court of competent jurisdiction has had his day in court and cannot be heard again on the same matter in another form. In Nevling v. Commercial Credit Co., 156 Pa. Superior Ct. 31 (1944), the Pennsylvania Superior Court held that proceedings on a petition to open judgment are sufficient for the purposes of res judicata. In that case, after an unsuccessful attempt had been made to strike off the judgment, a petition to open the judgment was filed but it was dismissed on res judicata grounds. Similarly, in Dunn v. Orloff, 414 Pa. 636 (1964), the Pennsylvania Supreme Court was concerned with one party's attempt to reargue a previous ruling. In Dunn, the lower court made absolute defendant's rule to open judgment and 13 months later plaintiff filed a motion for judgment on the pleadings. In denying plaintiff's motion, the Supreme Court held:

"[plaintiff's motion] is nothing more than an attempt to reargue a previous ruling from which no

appeal, although available, had been taken . . . We do not find any question raised by the petition for judgment on the pleadings that could not have been raised for decision on the original motion to open."

Thus, the rule of res judicata is applicable to pretrial motions with the same strictness as it is applied to judgments. The rule of res judicata requires that there be an identity of the parties and an identity of the subject matter in the two actions: Hochman v. Mortgage Finance Corp., 289 Pa. 260 (1927), Burke v. Pittsburgh Limestone Corp., supra, and Stevenson v. Silverman, supra. Both requirements are clearly satisfied here. Furthermore, plaintiff has presented no new issues of fact or law to substantiate his claimed need for reconsideration. Also, plaintiff has failed to appeal this order although appeal was available. Since this court thoroughly considered and reviewed the entire record prior to issuing the order of October 10, 1973, and in the absence of any new issues of fact, we feel no compulsion to reconsider our previous ruling.

Accordingly, it is, therefore, ordered and decreed that plaintiff's petition and motion for reconsideration of the order and decree to vacate the judgment of non pros of October 10, 1973, be and is denied with prejudice.