## Munley v. Spring Brook Township

*Brion W. Kelley*, for plaintiff.
*Carl J. Greco*, for defendant.

COTTONE, *J.*, January 28, 1982 — This matter is presently before the court by way of defendant's motion for judgment on the pleadings pursuant to Pa. R.C.P. 1034.

## FACTS AND PROCEDURAL HISTORY

This controversy arises out of an action in trespass filed by plaintiffs, John Munley and Mary Munley, his wife, against defendant, Spring Brook Township. The pleadings in the instant case establish the following: On or about May 30, 1978, plain-

tiffs purchased a parcel of land located in Spring Brook Township known as Lot No. 23 in the John-Win Development. However, prior to their purchasing this lot, plaintiff's contacted Paul Kelly, the then sewer enforcement officer of Spring Brook Township, to perform the necessary tests to determine whether the lot was acceptable for a normal septic sewage system. The results of Paul Kelly's tests indicated that said lot was suitable for normal on-lot sewage disposal. On the basis of this information, plaintiffs allege that, on May 30, 1977, they entered into an installment sales contract to purchase said parcel of land. The terms of the agreement were $1,000 down at the signing of the contract and the balance of $5,500 due one year from that date. Thereafter, and prior to May 30, 1978, plaintiffs completed performance on the contract to purchase the aforesaid Lot No. 23. On or about May 1, 1979, the plaintiffs, not having commenced construction of a sewage disposal system within the two-year period as was allowed, subsequently applied for a renewal of said permit. Said application was filed with the current sewage enforcement officer for Spring Brook Township, Daniel Grella. Mr. Grella determined that the lot was unsuitable for normal on-lot sewage disposal and was not suitable when the original test was done by defendant-agent, employee and/or servant, Paul Kelly.

Plaintiffs, thereafter, on or about January 12, 1981, filed a complaint in trespass against defendant alleging, inter alia, that defendant, by and through its agent, servant and/or employee, Paul Kelly, was negligent, reckless and careless in the performance of his duties. Preliminary objections to plaintiff's complaint were filed by defendant on or about April 21, 1981. Plaintiffs interposed no objection to defendant's preliminary objections and, by

memorandum and order dated May 22, 1981, defendant's preliminary objections in the nature of a demurrer were sustained and, accordingly, the complaint filed against defendant was dismissed.

Shortly thereafter, plaintiffs, on July 7, 1981, filed this complaint in trespass against defendant, this time alleging, inter alia, that defendant did not perform the tests allegedly performed by the former sewage enforcement officer, Paul Kelly, and/or willfully misrepresented to the plaintiffs that said lot was acceptable for normal on-lot sewage disposal by virtue of issuing plaintiffs a sewer permit on or about May 1, 1977. Defendant, once again, filed preliminary objections in the nature of a demurrer alleging governmental immunity. The court, upon receipt of briefs by the parties, issued an order on September 21, 1981, denying defendant's preliminary objections and found that 42 Pa. C.S.A. §8550, is a general exception to governmental immunity. Subsequently, defendant, on December 3, 1981, filed this motion for judgment on the pleadings pursuant to Pa. R.C.P. 1034. As a basis for its motion, defendant, once again, alleges, inter alia, that it is clothed with governmental immunity pursuant to 42 Pa. C.S.A. §8541.

The issues presented before this court are as follows:

(1) Whether or not an issue which has been disposed of by preliminary objections can be raised again by motion for judgment on the pleadings?

(2) If the answer to question number 1 is answered in the affirmative, then whether or not 42 Pa. C.S.A. §8550 is a general exception to the statutes creating governmental immunity for negligent acts of a local government agency?

## DISCUSSION

### I. Defendant's Motion for Judgment
### on the Pleadings

Initially, plaintiffs, relying on the case of Dunn v. Orloff, 414 Pa. 636, 201 A.2d 432 (1964), argue that defendant's motion for judgment on the pleadings should be dismissed since the issue of governmental immunity was already disposed of by this court by defendant's previously filed preliminary objections.

Pa. R.C.P. 1034(a) permits a motion for judgment on the pleadings at any time after the pleadings have closed, provided said motion is made in such time so as to prevent any delay of trial of the matter. In the case sub judice, we have no doubt that the filing of the instant motion does not result in a delay of any trial. Further upon receipt of both briefs by the parties and applicable case law cited thereto, we are convinced that defendant's motion for judgment on the pleadings asserting the statutorily created immunity from liability is proper, notwithstanding the preliminary objections filed in this case.

Defendant relies on the case of Berlin v. Drexel University, 10 D. & C. 3d 319 (1979), in which a common pleas court was confronted with the same issue as is presented in the instant case. There, the court noted that the City of Philadelphia was attempting to once again assert a defense after having done so through the vehicle of a preliminary objection in the nature of a demurrer. Responding to this situation, Judge Takiff noted:

"As a prefatory matter we must query the propriety of presently considering the identical pleadings, albeit at a later date and in the context of a nominally different motion. A motion for judgment on the

pleadings is essentially a belated demurrer, designed to permit an overall examination of the pleadings to determine whether judgment should be entered prior to trial: Barbieri v. Shapp, 29 Pa. Commw. 594, 372 A.2d 939 (1977). In the context of a different proceeding with substantive differences in effect, it is proper to consider a motion for judgment even though a prior demurrer was dismissed." id. at 321.

The court then cited other cases in support of its decision, See e.g., Overbrook Farms Club v. MacCoy, 32 D. & C. 2d 603 (1963); Pennsylvania State Chamber of Commerce v. Hart, 45 D. & C. 2d 352 (1968).

In Pennsylvania State Chamber of Commerce v. Hart, supra, a demurrer to a complaint in equity requiring an interpretation of the Unemployment Compensation Law had been dismissed. The court's accompanying opinion had disposed of the only substantive question of law. Subsequently, defendants' answer was filed admitting all of the material facts of the complaint. Shortly thereafter, plaintiff moved for a judgment on the pleadings. An argument was made to the court in which defendants urged the court to reverse its earlier opinion. In granting the motion for judgment on the pleadings, Judge Bowman opined: "We have considered defendants' arguments which are essentially restatements of arguments previously advanced and which do not persuade us to change our previously expressed opinion." Id. at 353. Discernible from this opinion is the principle that, although the court refused to reverse its prior ruling, it did not consider itself precluded from reevaluating the same legal contentions in the context of a different motion.

Although we are not bound by these common pleas court decisions, we find their holdings to be sound and persuasive and will, likewise, hold accordingly. Moreover, we find the case of Dunn v. Orloff, supra, to be clearly distinguishable from the case sub judice. In Dunn, a confessed judgment had been opened over plaintiff's opposition, from which no appeal was taken. Nevertheless, plaintiff later moved for judgment on the pleadings. The dismissal of that motion was then appealed. The Supreme Court of Pennsylvania noted that the sole impact of the motion for judgment on the pleadings was to request the court below to reconsider its prior determination that the judgment should be opened and the parties proceed to trial. This collateral attack on the lower court's prior determination was denied in light of the identity of issues and pleadings before the court and, especially, because no appeal was taken from the order to open judgment, which was final and appealable. In the instant case, the dismissal of the demurrer was an interlocutory order and, thus, nonappealable. Thus, for the foregoing reasons, this court does not find that it is precluded from re-examining the same legal issue in the context of a different motion and will, therefore, once again, determine whether or not 42 Pa. C.S.A. § 8550 is a general exception to the statutes creating governmental immunity for negligent acts of a local governmental agency.

## II. Governmental Immunity

In a previous ruling, this court found 42 Pa. C.S.A. §8550 to be another general exception to a local agency's governmental immunity. However, upon reconsideration of the applicable statutes and the briefs submitted by the parties thereto, we are of

the opinion that 42 Pa. C.S.A. §8550 is not a general exception to a local agency's governmental immunity.

42 Pa. C.S.A. §8541, coupled with 42 Pa. C.S.A. §8542, sets forth the types and kinds of actions which a local agency, such as the defendant, will be responsible. Specifically, 42 Pa. C.S.A. §8541 provides:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or any employee thereof or any other person."

This section represents a codification of governmental immunity and, accordingly, unless the acts complained of fall within the statutory exceptions in governmental immunity, a local agency will not be liable for injury to person or property caused by the local agency or its employees. "Local agency," as used in 42 Pa. C.S.A. §8541 et seq., is statutorily defined to include "a governmental unit other than the Commonwealth government." 42 Pa. C.S.A. §8501. Clearly, the defendant, in the instant matter, is a "local agency" within this definition and is, therefore, subject to provisions of Subchapter C of Chapter 85 of Title 42. (42 Pa. C.S.A. §8541 et seq.) As is set forth above, 42 Pa. C.S.A. §§8541-8542 provides a local agency, such as the defendant, with a protective cloak of immunity, except in eight specifically designated areas of governmental activity which include: (1) municipal operation of motor vehicles; (2) care, custody, or control of the personal property of others in possession or control of the local agency; (3) care, custody, or control of real property in possession of the local agency; (4) dangerous conditions of trees, traffic or street lights under the

care, custody, or control of the local agency; (5) dangerous conditions of the municipality's utility systems located in rights-of-way; (6) dangerous conditions of streets; (7) dangerous conditions of sidewalks; and, (8) care, custody, or control of animals in possession or control of the local agency. 42 PA. C.S.A. §8542(b).

Moreover, 42 Pa. C.S.A. §8542 establishes a three-step process for the determination of whether a cause of action exists against a local agency. Before a court can recognize a plaintiff's complaint, it must inquire, first, whether plaintiff's injury was the result of negligent conduct that occurred in connection with one of the specified categories of liability; second, whether the conduct was that of an officer, employee, or agent of the local agency acting within the scope of his employment; and last, whether a cause of action would exist at common law or by statutory creation if the tortfeasor did not have official or governmental status. When words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded. 1 Pa. C.S.A. §1921(b). It is clear from the reading of this statute, that a local agency is subject to liability only if all three of these conditions are met. In addition, section 8542(a)(2) further provides that "negligent acts" as used in this paragraph "shall not include acts or conduct which constitute a crime, actual fraud, actual malice or willful misconduct."

The remainder of subchapter dealing with actions against local agencies addresses the questions of official immunity (section 8542 to 8550); limitation on damages (section 8553); judgments (sections 8557 to 8559); and powers of local agencies (sections 8563 and 8564). In none of these remaining sections is the general rule of governmental immu-

nity, that is, immunity which prevents the municipality from being held responsible for damages to person or property of another, disturbed.

Notwithstanding the absence of any further exceptions to the rules contained in 42 Pa. C.S.A. §8541, plaintiffs maintain that 42 Pa. C.S.A. §8550 is another general exception to a local agency's governmental immunity. We do not agree.

Section 8550 provides as follows:

"Section 8550. Wilfull misconduct.

In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of section 8545 (relating to official liability generally) section 8546 (relating to the defense if official immunity), section 8548 (relating to indemnity) and section 8549 (relating to limitation on damages) shall not apply."

As can be readily seen, this section does not contain any language which abrogates the rule of 42 Pa. C.S.A. §8541. Rather, section 8550 merely provides that, in the event that damages are caused by the act of an employee in which it is judicially determined that the act of the employee caused injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of certain sections which provide various protections to the employee shall not apply. Moreover, as we already noted above, section 8542(a)(2), as written, specifically excludes governmental liability for intentional torts. Therefore, under any circumstances, the general rule of section 8541 always applies and the local agency shall not be liable for any damages on account of any injury to a person or

property caused by an act of the local agency or an employee thereof or any other person unless such act falls within the statutorily created exception as is set forth in 42 Pa. C.S.A. §8542.

### CONCLUSION

Failure to state a claim upon which relief can be granted is a permissible basis for awarding a judgment on the pleadings. Enoch v. Food Fair Stores, Inc., 232 Pa. Super. 1, 331 A.2d 912 (1974). In the instant case, plaintiffs' complaint, in substance, avers that the defendant, by and through its agent, did not perform the tests and/or willfully misrepresented to the plaintiffs that said lot was acceptable for normal on-lot sewage disposal. Accepting these allegations as true, plaintiffs' allegations supporting their cause of action fail to fall within the statutory exceptions to governmental immunity as it set forth in 42 Pa. C.S.A. §8542(b). For these reasons, defendant's motion for judgment on the pleadings, pursuant to Pa. R.C.P. 1034, will be granted.

### ORDER

And now, this January 28, 1982, upon consideration of defendant's motion for judgment on the pleadings and plaintiffs' answer thereto, it is hereby ordered and decreed that said motion is granted and judgment is hereby entered in favor of the defendant, Spring Brook Township.