Keystone Chapter, Associated Builders and Contractors, Inc., Petitioner *v.* Dick Thornburgh, Governor of the Commonwealth of Pennsylvania, and James W. Knepper, Jr., Secretary of the Department of Labor and Industry of the Commonwealth of Pennsylvania, Respondents.

Argued September 10, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Stephen J. Weglarz,* for petitioner.

*Ellis M. Saull,* Deputy Attorney General, with him, *Peter Layman,* Assistant Counsel, *Allen C. Warshaw,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General for respondents.

OPINION BY JUDGE KALISH, November 13, 1985:

Keystone Chapter, Associated Builders and Contractors, Inc., has filed a petition for review, addressed to this court's original jurisdiction, seeking mandamus relief against the respondents, Dick Thornburgh, Governor of Pennsylvania, and James W. Knepper, Jr., Secretary of the Department of Labor and Industry of Pennsylvania.

At the center of this case is an Act passed by the Pennsylvania Legislature known as the Pennsylvania Prevailing Wage Act (Wage Act), Act of August 15, 1961, P.L. 987, *as amended,* 43 P.S. §§165-1-165-17. The Wage Act created in the Department of Labor and Industry an advisory board which consists of

seven members, six to be appointed by the governor. Section 2.1 of the Wage Act, 43 P.S. §165-2.1. The functions of the advisory board are to gather information and, after public hearing, consult with and advise the secretary of labor regarding determining the prevailing minimum wage rate. Section 2.1(d) and (e). The advisory board is authorized to promulgate rules and regulations necessary to carry out its duties. Section 2.1(e)(3). The Wage Act does not require the members appointed to the advisory board by the governor to be confirmed by the legislature. The Wage Act empowers the secretary to set the prevailing wage rates after consultation with the advisory board.

Keystone avers in its petition that the advisory board has not been convened or consulted with since March 11, 1965, and has never promulgated any regulations or rules. Keystone further alleges that the governor has failed to appoint any members to the advisory board; that there are currently vacancies on the advisory board; and that the advisory board has ceased to exist, all in violation of the mandate of the Wage Act.

Preliminary objections were filed by the respondents in the nature of a demurrer, alleging that convening the advisory board and consulting with it are discretionary acts of the secretary and mandamus will not lie to compel such actions; that mandamus will not lie where, as here, there is an appropriate and adequate remedy at law; and that the petitioner's action brings a nonjusticiable issue before this court.

The respondents rely on *Zemprelli v. Thornburgh,* 47 Pa. Commonwealth Ct. 43, 407 A.2d 102 (1979) (*Zemprelli* I) and *Zemprelli v. Thornburgh,* 55 Pa. Commonwealth Ct. 330, 423 A.2d 1072 (1980) (*Zemprelli* II). This reliance is misplaced.

*Zemprelli* I involved gubernatorial appointments requiring senate confirmation, and the state constitutional provision requiring such appointments to be made within ninety days of their vacancies, and not thereafter. The court ruled that this ninety day limitation was mandatory and that upon his failure to act to fill the vacancies, the governor loses constitutional power to do so.

However, the court went on to say that while in some circumstances there may be no constitutional basis for compelling a governor to fill a vacancy, there may be other factors requiring executive compulsion. In other words, while the governor has the prerogative to leave an administrative position unfilled if he so chooses, there may be a legal basis, apart from the constitutional provision, which compels him to fill the vacancies. Thus, a governor can be compelled to act where his or her inaction would amount to an improper veto of a program with important goals and which was legislatively adopted and funded. *See Zemprelli* II.

Here, the legislature set up a program for determining prevailing wages, with an advisory board of experts with power to secure data in order to enable the secretary to set the prevailing wages. Unless the governor acts, he will thwart and improperly veto this program. He cannot substitute his method of determining the prevailing wage rate for the method chosen by the legislature. *See Zemprelli* II, 55 Pa. Commonwealth Ct. 330, 349, 423 A.2d 1072, 1083 (1980) (MacPhail, J., concurring and dissenting opinion). The term "shall" is ordinarily construed as a mandate and not discretionary. *Kaplan v. Smith,* 40 Pa. Commonwealth Ct. 95, 396 A.2d 493 (1979); *Pittsburgh City Firefighters Local No. 1 v. Barr,* 408 Pa. 325, 184 A.2d 588 (1962). Mandamus is designed

to compel performance of a mandatory act where the petitioner has a clear right, there is a corresponding duty, and the petitioner demonstrates a lack of an adequate remedy of law. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985); *Equitable Gas Co. v. Pittsburgh,* 507 Pa. 53, 488 A.2d 270 (1985).

While, under the Act, the petitioner may object to a rate determination—after the determination has been made—this fails to provide an adequate remedy. This procedure would require the petitioner to object to each and every rate determination. Certainly, this was not the intent of the legislature. Such a procedure would involve delay which would seriously hamper construction work.

It cannot be seriously contended that the petitioners lack standing. Its members are general contractors such as envisioned in the Act, and who have the expertise and qualifications to serve as members of the board. The issue certainly is a justiciable one.

### ORDER

The preliminary objections of the respondents are overruled. The respondents are allowed thirty (30) days from the date of this order to file an answer to the petition for review.