516 A.2d 852

Keystone Chapter, Associated Builders and Contractors, Inc., Petitioner *v.* Dick Thornburgh, Governor of the Commonwealth of Pennsylvania, and James W. Knepper, Jr., Secretary of the Department of Labor and Industry of the Commonwealth of Pennsylvania, Respondents.

Argued September 9, 1986, before Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Stephen J. Weglarz,* with him, *Stephen C. Townsend* and *Gina Ameci, Pechner, Dorfman, Wolffe, Rounick & Cabot,* for petitioner.

*Ellis M. Saull,* Deputy Attorney General, with him, *Peter Layman,* Assistant Counsel, Department of Labor & Industry, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY SENIOR JUDGE KALISH, October 27, 1986:

This is before the Court, in its original jurisdiction, as a mandamus matter, whereby petitioner, Keystone Chapter, Associated Builders and Contractors, Inc. (Keystone), seeks to compel the Governor to make certain appointments to an Advisory Board, as provided for in section 2.1 of the Pennsylvania Prevailing Wage Act (Wage Act), Act of August 15, 1961, P.L. 987, *as amended,* 43 P.S. §165-2.1. The respondents, Dick Thornburgh, Governor of the Commonwealth of Pennsylvania, and James W. Knepper, Jr., Secretary of the Department of Labor and Industry, of the Commonwealth of Pennsylvania, had filed preliminary objections which were dismissed. *Keystone Chapter, Associated Builders and Contractors, Inc. v. Thornburgh,* 92 Pa. Commonwealth Ct. 646, 500 A.2d 211 (1985). The respondents had contended that mandamus would not lie because the acts of the Governor were discretionary.

In *Keystone,* this Court found that the Wage Act of the Legislature created in the Department of Labor and Industry an Advisory Board of seven members, six of which were to be appointed by the Governor. This Court discussed the function of the Advisory Board and the power of the Secretary of the Board to set the prevailing wage rates after consultation with the Advisory Board. We further stated that the Governor cannot thwart the will of the Legislature by substituting his method of determining the prevailing wage rate. Following the dismissal of their preliminary objections, the respondents filed an answer and new matter, and petitioner now moves for summary judgment.

A motion for summary judgment is an amplification of the motion for judgment of the pleadings, as a technique for summary disposition of the case before trial, where there is no genuine issue of fact and a party is entitled to judgment as a matter of law in a case free of doubt. Pa. R.C.P. No. 1035; *Richland Mall Corp. v. Kasko Construction Co., Inc.,* 337 Pa. Superior Ct. 204, 486 A.2d 978 (1984).

The lack of a genuine issue of fact can be shown through the pleadings; depositions, if any; answers to interrogatories, if any; and affidavits, if any. We are to accept as true all well-pleaded facts in the non-moving party's pleadings. The record must be examined in the light most favorable to the non-moving party. *Ritmanich v. Jonnel Enterprises, Inc.,* 219 Pa. Superior Ct. 198, 280 A.2d 570 (1971).

No depositions, answers to interrogatories, or affidavits have been filed. In examining the non-moving party's pleading, except for the issue of laches, no material questions of fact were raised. It dealt with legal conclusions drawn from the Wage Act, all of which were dealt with in the preliminary objections matter and ruled upon by this Court. The present contention

appears to be an attempt to reargue the previous ruling of this Court, which is not permissible. *See Dunn v. Orloff*, 414 Pa. 636, 201 A.2d 432 (1964).

The respondents, in their answer, made a bald pleading of laches. The record is devoid of any factual averments to support this claim. In fact, at argument respondents appeared to have withdrawn this claim.

The motion for summary judgment is granted.

ORDER

Now, October 27, 1986, petitioner's motion for summary judgment is granted. Respondents are ordered to appoint an Advisory Board in the Department of Labor and Industry within sixty (60) days.